UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORA J. GOODEN, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV 97-N-3151-S |
| | ] | |
| WAL-MART STORES, INC., et al. | ] | |
| | ] | |
| Defendants. | ] | |

FILED
SEP 30 1998
UNITED STATES
NORTHERN DISTRICT COURT
DISTRICT OF ALABAMA

ENTERED
OCT 1 1998

**Memorandum of Opinion**

In this negligence action originally filed in the Circuit Court for Jefferson County and removed to federal court pursuant to 28 U.S.C. § 1441, the plaintiff Nora J. Gooden alleges that she was injured while shopping in a store operated by the defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"). Specifically, Gooden claims that as she began to exit the Wal-Mart store in Centerpoint, Alabama, she slipped on an accumulation of liquid and fell, resulting in personal injuries. This court has diversity jurisdiction over this controversy pursuant to 28 U.S.C. § 1332.

The matter is presently before the court on Wal-Mart's motion for summary judgment that was filed on July 29, 1998. The motion has been fully briefed and was submitted at the court's regularly scheduled motion docket on Wednesday, September 30, 1998. Upon due consideration, the motion will be granted in all respects.

I.      **Statement of Facts.**[1]

Plaintiff Nora Gooden went to the Wal-Mart store on Huffman Road in Centerpoint, Alabama, on October 16, 1995. *Deposition of Nora Gooden* at 33. The store was very busy and crowded on that day. *Id.* at 36-37. After entering the store, Gooden got a shopping cart. *Id.* at 36. Upon entering, she noticed that the floor was "nasty" with "tracks and footprints of people." *Id.* at 37-38. She did not see any spills on the floor. *Id.* at 38. She does not recall how long she spent shopping in the store or what she purchased. *Id.* at 36-37.

Once Gooden finished her shopping, she got in the line of customers at one of the last registers to pay for her merchandise. *Id.* at 44-45. While in line, she did not see anything on the floor or hear anyone say there was anything on the floor. *Id.* at 46. After paying for her merchandise, Gooden picked up her bags and began to walk toward the exit within a crowd of customers and shopping carts. *Id.* at 49-51. While walking toward the exit, she did not see anything on the floor and was not told there was anything on the floor. *Id.* at 52.

As she was leaving, Gooden's right leg slipped out from under her and she fell to the floor. *Id.* at 52. At the time, there were numerous customers exiting the store in front of her. *Id.* at 55. When she got up, Gooden noticed a clear solution on top of the dirt on the floor. *Id.* at 52. She noticed a slide mark in the liquid made by her foot as she fell, but did not see any other footprints or tracks made by shopping carts. *Id.* at 57-58. According to

---

[1] In developing the statement of facts in this opinion, the court considered those facts claimed to be undisputed by the parties, the parties' respective responses to those claims, and the court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994), *cert. denied*, *USX Corp. v. Cox*, 114 S. Ct. 900 (1995).

2

the plaintiff, the solution looked "clear" and "pretty fresh." *Id.* at 59. Gooden believes that she was prevented from seeing the liquid sooner by the customers walking in front of her. *Id.* at 61.

After the fall, a Wal-Mart cashier who had seen the incident asked Gooden whether she was alright. *Id.* at 64, 66. Gooden responded affirmatively, then went to her car and deposited her shopping bags. *Id.* at 63-64. When she began to feel pain in her pelvic region and legs, she went back into the store and asked to speak with the manager. *Id.* at 64-65. By that time, the liquid had been removed from the floor. *Id.* at 64. Since the incident, Gooden has suffered from various physical ailments, depression, and job-related hardships. *Id.* at 72-95.

## II. Summary Judgment Standard.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movants can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in

3

support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same

4

standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 745 n.11(1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movants is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III.  Discussion.

Under Alabama law, a storekeeper has a duty to exercise reasonable care to provide and maintain reasonably safe conditions on its premises. *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). Nonetheless, a storekeeper is not an insurer of customers' safety; he is liable for personal injury only if he negligently fails to use reasonable care in

maintaining reasonably safe conditions on the premises. *Id.* No presumption of negligence on the part of the store arises from the mere fact of injury to the customer. *Hose v. Winn-Dixie Montgomery, Inc.,* 658 So. 2d 403 (1995) (citing *Cash v. Winn-Dixie Montgomery, Inc.,* 418 So. 2d 874, 876 (Ala. 1982)). A claimant in a slip and fall action against a store must therefore prove that her injury was proximately caused by the negligence of the store or one of its employees. *Maddox,* 565 So. 2d at 16. To demonstrate actual or constructive notice of the presence of a dangerous substance, a plaintiff must show "(1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the defendant]; (2) that [the defendant] had actual notice that the substance was on the floor; or (3) that [the defendant] was delinquent in not discovering and removing the substance. *Id.* (citing *Cox v. Western Supermarkets, Inc.,* 557 So. 2d 831 (Ala. 1989); *Richardson v. Kroger Co.,* 521 So. 2d 934, 935-36 (Ala. 1988).

In the present case, Gooden has not presented any evidence that Wal-Mart had actual notice of the presence of any dangerous substance. Gooden's claim that "the Defendant's agents and employees witnessed her slipping and falling," *Plaintiff's Brief in Response to Motion for Summary Judgment* at 5, demonstrates nothing about the defendant's knowledge of the substance, and plaintiff admitted that no one told her that there was anything on the floor prior to the incident. *Deposition of Nora Gooden* at 46, 52.

Plaintiff also alleges that Wal-Mart should have known about and removed the substance prior to her fall. In support of her contention, she states that upon entering the Wal-Mart store she observed that "the floor was nasty with footprints of people and tracks." *Id.* at 37-38. While it is true that the condition of a dangerous substance—for example,

6

stickiness or dirtiness—can lead to the inference that a substance has been present for a sufficient period so as to give defendant notice of its existence, *Vargo v. Warehouse Groceries Management, Inc.*, 529 So. 2d 986 (Ala. 1988), Gooden's claim that another area of the store was dirty has no bearing on the question of whether Wal-Mart had notice of the substance on which she ultimately slipped. In fact, Gooden testified in her deposition that the solution looked "clear" and "pretty fresh," and had no marks or tracks in it aside from a slide mark made by her foot as she fell—despite the fact that the traffic was very heavy in that area of the store at the time of the incident. *Deposition of Nora Gooden* at 57-59. The plaintiff has simply failed to offer any evidence that would allow a reasonable factfinder to conclude that Wal-Mart should have known about the substance prior to the incident.

## IV. Conclusion.

For the foregoing reasons, defendant's motion for summary judgment will be granted.

A separate order, consistent with this opinion, will be entered.

Done, this 30th of September, 1998.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE